**360**

**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Stanley BROWN, Respondent.**

**No. 95–SC–593–KB.**

Supreme Court of Kentucky.

Sept. 27, 1995.

### ORDER OF DISBARMENT

STEPHENS, Chief Justice.

The Kentucky Bar Association has brought a disciplinary action against Respondent, Stanley Brown, of Fort Thomas, Campbell County, Kentucky. Respondent was charged by the Inquiry Tribunal with a violation of SCR 3.130–8.3(b) and (c) which provides: "It is professional misconduct for a lawyer to: ... (b) Commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation...."

Count I of the charge alleges that Respondent became intimate with a client under the age of eighteen, provided her with unlawful drugs, and had sex with her. In its findings of fact, conclusions of law, and recommendation, the Board of Governors found Respondent guilty under Count I and recommended that he be disbarred. Respondent filed no answer pursuant to SCR 3.190 and has not sought review. SCR 3.370(7).

Therefore, upon consideration of the record and recommendation of the Board of Governors, this Court does hereby order that the Respondent, Stanley Brown, be, and he is hereby disbarred. Brown shall surrender his license to practice law in the Commonwealth of Kentucky. It is further ordered that:

1. Brown shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky as defined by SCR 3.020 until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

2. Brown shall not file an application for reinstatement for a period of five (5) years next succeeding the date of this order.

3. Any application for reinstatement shall be governed by SCR 3.520, the rule providing for reinstatement in case of disbarment or any subsequent amendment or successor to that rule in effect at the time of the application for reinstatement.

4. Any disciplinary proceedings now pending against Brown shall be terminated and the cost thereof shall be paid by him in accordance with SCR 3.450(1). The Kentucky Bar Association has certified that there are costs in the amount of $38.17 and $21.16 with the proceeding to date.

5. Pursuant to SCR 3.390, Brown is hereby ordered to provide notice to any clients he is currently representing of his inability to provide further legal services, to notify all courts in which he has matters pending of this disbarment, and to provide the Director of the Kentucky Bar Association with a copy of all such notice letters, or with a certification that he has no active clients, whichever is applicable.

All concur.